Donna **KLECKA**, Plaintiff-Appellant,

v.

Daniel **COX**, Defendant-Appellee.

No. 16-35261

United States Court of Appeals, Ninth Circuit.

Submitted August 17, 2017 *
Anchorage, Alaska

Filed August 22, 2017

Danny W. Burton, Esquire, Attorney, Law Office of Danny W. Burton, Wasilla, AK, for Plaintiff-Appellant

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Susan Mendenhall West, Esquire, Assistant Attorney General, AGAK—Office of the Alaska Attorney General (Anchorage), Anchorage, AK, for Defendant-Appellee

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Plaintiff Donna Klecka appeals the district court's grant of summary judgment, based on qualified immunity, to Defendant Daniel Cox. Like the district court, we conclude that Defendant is entitled to qualified immunity, and therefore summary judgment was appropriate. Accordingly, we affirm.

Plaintiff did not satisfy her burden of proving that Defendant's conduct violated a clearly established constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). First, Plaintiff failed to prove that Defendant acted in an objectively unreasonable manner given the circumstances. *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1166 (9th Cir. 2014). Plaintiff was actively resisting arrest, at one point evading another officer's grip with a loose handcuff attached to her wrist. It was not unreasonable for Defendant to perceive this action as a potential threat and respond accordingly. Further, Defendant was not on notice that he was responding with an unreasonable amount of force. *Brooks v. Clark County*, 828 F.3d 910, 920 (9th Cir. 2016). Not only have we found similar uses of force to be appropriate in comparable situations, *see Tatum v. City of San Francisco*, 441 F.3d 1090, 1096 (9th Cir. 2006), but Plaintiff cites no case law to demonstrate that it was clearly established

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that such conduct violated her constitutional rights.

**AFFIRMED.**